■ HENRY W. BAHLKOW et al., Appellants, v KEITH GREENBERG, Defendant, and BENJAMIN S. SAX, Respondent.—In a action to recover damages, *inter alia,* for breach of contract

and breach of fiduciary duty, and for an accounting, the plaintiffs appeal from (1) so much of an order of the Supreme Court, Nassau County (Molloy, J.), dated September 24, 1990, as granted the branch of the motion of the defendant Benjamin Sax which was for summary judgment dismissing the complaint as against him, and granted a sanction in the form of an attorneys' fee, and (2) a judgment of the same court entered November 20, 1990, which dismissed the complaint against the defendant Benjamin Sax and awarded the defendant Benjamin Sax an attorneys' fee payable by the plaintiffs' attorney pursuant to 22 NYCRR part 130 in the sum of $2,500.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

We disagree with the plaintiffs' contention that the court erred in granting that branch of the motion of the defendant Benjamin Sax which was for summary judgment dismissing the complaint as against him. The only basis for the inclusion of Sax as a defendant in this action was the appearance of his name, and that of the defendant Keith Greenberg, in an Agreement of Partnership (hereinafter the Agreement) which described those two defendants as "nominees", and imposed certain rights and obligations on them as such. Significantly, Sax's signature did not appear on the Agreement. On being notified that there was a potential suit against him on the basis of his alleged failure to abide by the Agreement, Sax informed the plaintiffs' attorney in June 1987 that he was not in any way involved in the transaction and that his name had been used without either his knowledge or consent. Despite this, Sax was included as a defendant in the action, and consequently, he moved to dismiss the complaint as against him and for sanctions. The plaintiffs' sole response was an attorney's affirmation to which was annexed the Agreement, and the defendant Greenberg's answer. Although the affirmation also claimed to be based on "personal knowledge of the facts", it contained no indication that the attorney in fact had such personal knowledge.

It is well settled that on a motion for summary judgment, a bare affirmation of an attorney, who demonstrates no personal knowledge of the matter, is unavailing and without evidentiary value (see, Zuckerman v City of New York, 49 NY2d 557, 563). It is equally well established that this defect can be obviated by the inclusion of other evidentiary proof in admissible form (see, Olan v Farrell Lines, 64 NY2d 1092, 1093). The documents annexed to the attorney's affirmation did not amount to proof of the fact in issue, which was whether Sax had participated in the Agreement and was therefore properly joined as a defendant. To attach the Agreement to the affirmation was of no assistance since that begged the very question at issue, and the defendant Greenberg's answer admitted no more than that he and Sax were "named 'nominees' ", which added nothing. Moreover, the affirmation included hearsay allegations of parties who could easily have submitted affidavits attesting to Sax's participation, if he had in fact participated. The plaintiffs therefore failed to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" (Zuckerman v City of New York, 49 NY2d 557, 562, supra; see also, Frank Corp. v Federal Ins. Co., 70 NY2d 966, 967; Daliendo v Johnson, 147 AD2d 312, 317).

We also find that the court properly imposed the sanction of $2,500 in attorneys' fees on the plaintiffs' attorney. In determining the issue of whether an action is frivolous under 22 NYCRR part 130 so as to warrant a sanction, a court "shall consider, among other issues * * * the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent or should have been apparent to counsel" (22 NYCRR 130-1.1 [c] [2]). Over three years elapsed between the time Sax first informed the plaintiffs' attorney that he was not a party to the Agreement, and his motion for summary judgment. This was ample time for the attorney to investigate Sax's claims of lack of involvement, and to discover, and annex, proof other than that presented in opposition to the motion. The consequence of the plaintiffs' attorney's refusal to release Sax from the action was to require Sax to expend money in attorneys' fees defending a claim for which, to date, there is not a scintilla of proof. The sanction was, therefore, properly imposed. Bracken, J. P., Sullivan, Balletta and Lawrence, JJ., concur.