■ HSBC Bank USA, N.A., Appellant, v Candida Valentin et al., Respondents. [900 NYS2d 350]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated November 3, 2008, which denied that branch of its renewed motion which was for an order of reference and for leave to enter a default judgment upon the failure of the defendants to appear or answer the complaint and, sua sponte, directed the dismissal of the complaint with prejudice and the cancellation of the notice of pendency.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint with prejudice and the cancellation of the notice of pendency is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provisions thereof directing dismissal of the complaint with prejudice and cancellation of the notice of pendency; as so modified, the order is affirmed, without costs or disbursements.

The defendants Candida Valentin and Candide Ruiz defaulted on their mortgage loan. The plaintiff, who is the Trustee and holder of the mortgage note, commenced this action to foreclose the mortgage. None of the defendants answered and, as a result, the plaintiff moved, inter alia, for leave to enter a default judgment against them. By order dated January 30, 2008, the Supreme Court denied the plaintiff's motion with leave to renew to allow it to provide certain documentation. The plaintiff renewed its motion and purported to submit all of the required documentation. In support of its renewed motion, rather than submit an affidavit made by a party, as required by the order dated January 30, 2008, the plaintiff presented an affidavit by an officer of Ocwen Loan Servicing, LLC (hereinafter Ocwen), the corporation that serviced the mortgage loan at issue, and a copy of a limited power of attorney that attested, inter alia, that the plaintiff granted Ocwen the authority as its attorney-in-fact to execute affidavits of merit on the plaintiff's behalf.

The Supreme Court denied that branch of the plaintiff's renewed motion which was for an order of reference and for

leave to enter a default judgment upon the failure of the defendants to appear or answer the complaint, and, sua sponte, directed the dismissal of the complaint with prejudice and the cancellation of the notice of pendency. The Supreme Court denied that branch of the renewed motion on two grounds: (1) the plaintiff failed to submit an affidavit made by a party or a person with a valid power of attorney attesting to the facts constituting the claim of default, and (2) the plaintiff failed to submit an affidavit from an officer of HSBC explaining why HSBC would purchase a nonperforming loan from Delta Funding Corporation and why HSBC, Ocwen, MERS, Deutsche Bank, and Goldman Sachs all share office space.

Contrary to the Supreme Court's decision, the limited power of attorney submitted by the plaintiff was not invalid because it was not certified in accordance with CPLR 2105. CPLR 2105 provides, in part, that "[w]here a certified copy of a paper is required by law, an attorney admitted to practice in the courts of the state may certify that it has been compared by him with the original and found to be a true and complete copy." The copy of the limited power of attorney was duly certified by the office of the County Administrator, which made further certification by an attorney unnecessary (see CPLR 2105).

However, the Supreme Court properly denied that branch of the plaintiff's renewed motion which was for an order of reference and for leave to enter a default judgment on the ground that it failed to provide an affidavit from an officer of HSBC explaining why HSBC would purchase a nonperforming loan from Delta Funding Corporation and why HSBC, Ocwen, MERS, Deutsche Bank, and Goldman Sachs all share office space. The Supreme Court directed the plaintiff to provide that affidavit in its January 30, 2008, order, and the plaintiff failed to do so. Therefore, the Supreme Court properly denied that branch of the plaintiff's renewed motion.

The Supreme Court improvidently exercised its discretion in, sua sponte, directing the dismissal of the complaint with prejudice and the cancellation of the notice of pendency (cf. Martocci v Bowaskie Ice House, LLC, 31 AD3d 1021 [2006], cert denied 552 US 918 [2007]). The failure of the plaintiff to strictly comply with the Supreme Court's directive to submit an affidavit by an officer of HSBC explaining why HSBC would purchase a nonperforming loan from Delta Funding Corporation and why HSBC, Ocwen, MERS, Deutsche Bank, and Goldman Sachs all share office space did not constitute a sufficient ground upon which to direct the dismissal of the complaint and to direct the cancellation of the notice of pendency (see HSBC Bank USA,

*N.A. v Betts*, 67 AD3d 735 [2009]; *Daniels v King Chicken & Stuff, Inc.*, 35 AD3d 345 [2006]; *cf. Bennett v Acosta*, 68 AD3d 910 [2009]; *Shinn v City of New York*, 65 AD3d 621 [2009]; *Skeete v Bell*, 292 AD2d 371 [2002]; *Jakco Inc. v Fiore*, 285 AD2d 582 [2001]).

The plaintiff's contention that the Supreme Court erred in requiring it to provide the affidavits at issue as a condition for granting its motion is not properly before this Court, as the plaintiff did not appeal from the order dated January 30, 2008 (*see Boodoo v Albee Dental Care*, 67 AD3d 717, 718 [2009]). Skelos, J.P., Santucci, Lott and Sgroi, JJ., concur. **[Prior Case History: 21 Misc 3d 1124(A), 2008 NY Slip Op 52167(U).]**