■ U.S. BANK, N.A., Appellant, v KELVY GUICHARDO et al., Defendants. [935 NYS2d 335]—

The defendant Kelvy Guichardo (hereinafter the defendant) defaulted on his mortgage loan and the plaintiff subsequently commenced this action to foreclose the mortgage. The plaintiff moved to direct service upon the defendant by publication and for certain other related relief. The Supreme Court, however, became concerned about a potential conflict of interest due to the plaintiff's counsel, Steven J. Baum, P.C., representing both the plaintiff, the assignee of the subject mortgage, and the defendant Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Aegis Funding Corporation, the assignor of the subject mortgage. In an order dated February 2, 2009, the Supreme Court denied the plaintiff's motion to direct service with leave to renew within 60 days, provided that the plaintiff submit to the Supreme Court an affirmation by Steven J. Baum explaining whether both MERS and the plaintiff

consented to the simultaneous representation "with 'full disclosure of the implications of the simultaneous representation and the advantages and risks involved.' "

On or about August 4, 2009, approximately six months after the February 2, 2009, order was issued, Steven J. Baum submitted the requested affirmation, which, inter alia, stated that his firm, Steven J. Baum, P.C., did not simultaneously represent the plaintiff and MERS in this action. In the order appealed from, the Supreme Court, sua sponte, directed the dismissal of the complaint with prejudice and cancelled a certain notice of pendency filed against the subject real property (hereinafter the notice of pendency) on the ground that the affirmation of Steven J. Baum was submitted 123 days after the expiration of the deadline set forth in the February 2, 2009, order. We reverse.

The Supreme Court improvidently exercised its discretion in, sua sponte, directing the dismissal of the complaint with prejudice and canceling the notice of pendency (*see U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]; *HSBC Bank USA, N.A. v Valentin*, 72 AD3d 1027, 1029-1030 [2010]). "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*U.S. Bank, N.A. v Emmanuel*, 83 AD3d at 1048; *see Rienzi v Rienzi*, 23 AD3d 450 [2005]). Here, the Supreme Court was not presented with any extraordinary circumstances warranting dismissal of the complaint. The plaintiff's single delay in submitting the affirmation of Steven J. Baum was not a sufficient ground upon which to direct the dismissal of the complaint and cancel the notice of pendency (*see HSBC Bank USA, N.A. v Valentin*, 72 AD3d at 1029). There was no pattern of willful noncompliance with court orders on the part of the plaintiff, and the Supreme Court gave no warning that the failure to submit the requested affirmation within 60 days of the February 2, 2009, order would result in the dismissal of the complaint and cancellation of the notice of pendency. Mastro, A.P.J., Hall, Sgroi and Cohen, JJ., concur.