■ NYCTL 2008-A TRUST et al., Appellants, v Estate of LOCKSLEY HOLAS et al., Defendants. [939 NYS2d 715]—

In an action to foreclose a tax lien, the plaintiffs appeal from an order of the Supreme Court, Kings County (Schack, J.), dated February 17, 2011, which, sua sponte, directed the dismissal of the complaint with prejudice and the cancellation of a certain notice of pendency filed against the subject real property.

Ordered that on the Court's own motion, the notice of appeal from the order dated February 17, 2011, is deemed an application for leave to appeal from the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements.

The plaintiffs commenced this action to foreclose a tax lien encumbering certain real property located in Brooklyn. After all defendants except the New York City Department of Housing Preservation and Development failed to appear or answer the complaint, the plaintiffs moved, inter alia, for an order of reference. In an order dated May 3, 2010, the Supreme Court denied the plaintiffs' motion with leave to renew within 60 days, provided that they submit to the Supreme Court additional documentation demonstrating their compliance with the requirements of CPLR 3215 (f).

Apparently unbeknownst to the Supreme Court, the plaintiffs, on August 27, 2010, filed a renewed motion, among other things, for an order of reference. Thereafter, in the order appealed from, the Supreme Court, sua sponte, directed the dismissal of the complaint with prejudice and the cancellation of a certain notice of pendency filed against the subject real property (hereinafter the notice of pendency) on the ground that the plaintiffs violated the prior order dated May 3, 2010, by failing to file a renewed motion for an order of reference and related relief.

The power to dismiss, sua sponte, should be used "sparingly and only when extraordinary circumstances exist to warrant dismissal" (*U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]; *see Ling Fei Sun v City of New York*, 55 AD3d 795, 796 [2008]; *Rienzi v Rienzi*, 23 AD3d 450 [2005]). Here, there were no extraordinary circumstances warranting dismissal of the complaint and cancellation of the notice of pendency. The plaintiffs did, in fact, file a renewed motion and provide the additional documentation required by the Supreme Court's prior order dated May 3, 2010. There was also no evidence that the plaintiffs had engaged in a pattern of willful noncompliance with court-ordered deadlines or that the Supreme Court ever warned them that their failure to submit a timely renewed motion would subject them to the dismissal of the complaint with prejudice and cancellation of the notice of pendency (*see U.S. Bank, N.A. v Guichardo*, 90 AD3d 1032 [2011]). Consequently, the Supreme Court erred in, sua sponte, directing the dismissal of the complaint with prejudice and the cancellation of the notice of pendency. Dillon, J.P., Florio, Austin and Roman, JJ., concur. **[Prior Case History: 30 Misc 3d 1224(A), 2011 NY Slip Op 50191(U).]**