■ Bank of America, National Association, as Successor by Merger to LaSalle Bank National Association, as Trustee for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-FF18, Appellant, v Alseny Bah et al., Defendants. [945 NYS2d 704]—

In an action to foreclose a mortgage, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Schack, J.), dated January 7, 2011, which, sua sponte, directed the dismissal of the complaint with prejudice and the cancellation of a certain

notice of pendency filed against the subject real property, and (2), as limited by its brief, from so much of an order of the same court dated June 27, 2011, as, in effect, denied that branch of its unopposed motion which was pursuant to CPLR 5015 to vacate the order dated January 7, 2011.

Ordered that on the Court's own motion, the notice of appeal from the order dated January 7, 2011, is deemed to be an application for leave to appeal from that order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order dated January 7, 2011, is reversed, on the law, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated June 27, 2011, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated January 7, 2011.

In 2009 the plaintiff commenced the instant foreclosure action against homeowner Alseny Bah and additional defendants, and filed a notice of pendency against the subject real property. No defendant has ever appeared in this action.

The plaintiff eventually moved for, inter alia, an order of reference. In an order dated November 3, 2010, the Supreme Court indicated that it would not consider the motion unless, within 60 days of the issuance of that order, the plaintiff submitted an attorney's affirmation attesting to the accuracy of the plaintiff's documents.

On December 9, 2010, well before the 60-day deadline, the plaintiff moved pursuant to CPLR 2004 for an enlargement of time to file the attorney's affirmation. The Supreme Court never ruled on that motion. Instead, in an order dated January 7, 2011, issued only a few days after the 60-day deadline had passed, the Supreme Court, sua sponte, directed the dismissal of the complaint with prejudice and the cancellation of the notice of pendency. The Supreme Court characterized the failure of the plaintiff's counsel to submit the requested attorney's affirmation as "delinquent conduct," mandating dismissal of the complaint. In its order, the Supreme Court did not mention the plaintiff's pending motion for an enlargement of time to file the attorney's affirmation.

"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048 [2011]). Here, there were no extraordinary circumstances warranting dismissal of the complaint and the concomitant cancellation of the notice of pendency. Contrary to the

Supreme Court's determination, the plaintiff's counsel did not engage in "delinquent conduct." Rather, the plaintiff's counsel timely moved for an enlargement of time to file the required attorney's affirmation, and there is no evidence of a pattern of willful noncompliance with court-ordered deadlines. Consequently, the Supreme Court erred in, sua sponte, directing the dismissal of the complaint with prejudice and the cancellation of the notice of pendency (*see NYCTL 2008-A Trust v Estate of Locksley Holas*, 93 AD3d 650 [2012]; *Aurora Loan Servs., LLC v Shahmela Shah Sookoo*, 92 AD3d 705 [2012]; *U.S. Bank, N.A. v Emmanuel*, 83 AD3d at 1048; *HSBC Bank USA, N.A. v Valentin*, 72 AD3d 1027, 1029 [2010]). Angiolillo, J.P., Dickerson, Hall and Cohen, JJ., concur.