■ DENISE L. WINTER, Respondent, v KELLY M. BLACK, Appellant. [943 NYS2d 909]—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Mayer, J.), dated June 1, 2011, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

To be entitled to summary judgment, the movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Failure to make such a prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852 [1985]). On a motion for summary judgment, a "bare affirmation of an attorney, who demonstrates no personal knowledge of the matter, is unavailing and without evidentiary value" (*Bahlkow v Greenberg*, 185 AD2d 829, 831 [1992]; see *Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]; *Mobil Oil Corp. v Penna*, 139 AD2d 501 [1988]).

On her motion for summary judgment on the issue of liability, the plaintiff's arguments regarding how the accident occurred were supported only by the affirmation of her attorney, who had no personal knowledge of the facts. Under such circumstances, the plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law. Accordingly, her motion for summary judgment should have been denied, regardless of the sufficiency of the opposition papers (see *Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Mackenzie v City of New York*, 81 AD3d 699, 700 [2011]; *Todd v Godek*, 71 AD3d 872, 873 [2010]; *Gjokaj v Fox*, 25 AD3d 759, 760 [2006]).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Belen, Sgroi and Miller, JJ., concur.