In 2009, the plaintiff commenced this action to foreclose a mortgage against the defendant Toyin Sobanke and additional defendants. No defendant has answered the complaint. In *1066 September 2009, the plaintiff moved, ex parte, for an order of reference. In an order dated November 3, 2010, the Supreme Court indicated that it would not consider the plaintiff’s ex parte motion unless, within 60 days of the issuance of that order, the plaintiff submitted an attorney affirmation attesting to the accuracy of the plaintiff’s documents. The court also indicated that the plaintiffs ex parte motion and the complaint would be dismissed unless the attorney affirmation was filed within the 60-day deadline.
Before the 60-day deadline had passed, the plaintiff filed a notice of withdrawal, requesting that its ex parte motion for an order of reference be withdrawn, so that it could provide the Supreme Court with the requested attorney affirmation. No determination on the plaintiffs request to withdraw its ex parte motion was made. Instead, in an order dated January 10, 2011, issued approximately one week after the 60-day deadline had passed, the Supreme Court, sua sponte, directed the dismissal of the complaint with prejudice and the cancellation of the notice of pendency. This was error.
“A court’s power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal” (U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048 [2011]). Here, there were no extraordinary circumstances warranting dismissal of the complaint with prejudice and the cancellation of the notice of pendency (see Bank of Am., N.A. v Bah, 95 AD3d 1150, 1151-1152 [2012]; U.S. Bank, N.A. v Guichardo, 90 AD3d 1032, 1033 [2011]; U.S. Bank, N.A. v Emmanuel, 83 AD3d at 1048; HSBC Bank USA, N.A. v Valentin, 72 AD3d 1027, 1029-1030 [2010]). Contrary to the Supreme Court’s determination, the plaintiffs counsel did not engage in “delinquent conduct” and there is no evidence of a pattern of willful noncompliance with court-ordered deadlines (see Bank of Am., N.A. v Bah, 95 AD3d at 1151-1152; NYCTL 2008-A Trust v Estate of Locksley Holas, 93 AD3d 650 [2012]; U.S. Bank, N.A. v Guichardo, 90 AD3d at 1033). Rather, the plaintiff requested permission to withdraw its ex parte motion within the 60-day deadline, in order to provide the court with the requested affirmation.
Under these circumstances, the Supreme Court erred in, sua sponte, directing the dismissal of the complaint with prejudice and the cancellation of the notice of pendency. Skelos, J.P., Hall, Austin and Hinds-Radix, JJ., concur.