■ BANK OF NEW YORK, Appellant, v WILLIAM F. CASTILLO, Respondent, et al., Defendants. [991 NYS2d 446]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Orange County (Bartlett, J.), entered March 30, 2012, which granted the motion of the defendant William F. Castillo to dismiss the complaint insofar as asserted against him pursuant to 22 NYCRR 202.27 (b) upon its failure to appear at a scheduled conference and for failure to negotiate in good faith pursuant to CPLR 3408 (f) and, sua sponte, directed dismissal of the action in its entirety with prejudice "in the interests of justice."

Ordered that on the Court's own motion, the plaintiff's notice of appeal from so much of the order as, sua sponte, directed dismissal of the action in its entirety with prejudice, is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, the motion of the defendant William F. Castillo is denied, and the matter is remitted to the Supreme Court, Orange County, for further proceedings consistent herewith before a different Justice; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In 2009, the plaintiff commenced this action against the defendant William F. Castillo (hereinafter the borrower) and additional defendants to foreclose a mortgage. No defendant has answered the complaint. However, the borrower appeared and participated in settlement conferences pursuant to CPLR 3408.

In November 2009, the borrower moved to dismiss the complaint insofar as asserted against him pursuant to 22 NYCRR 202.27 (b), on the grounds that the plaintiff failed to appear at a CPLR 3408 settlement conference on October 29, 2009, and failed to negotiate with him in good faith, as required by CPLR 3408 (f). The borrower's motion was not decided at that time, and further CPLR 3408 negotiations ensued.

On October 3, 2011, the borrower's counsel told the Supreme Court that the plaintiff failed to respond appropriately to the borrower's application for a mortgage modification, and noted that the borrower's motion to dismiss, made almost two years prior, remained pending and undecided. After briefly questioning the plaintiff's counsel about the plaintiff's negotiations with the borrower, the court concluded that dismissal of the complaint with prejudice was warranted "not only on [the borrower's] motion, but on the Court's own motion in the interest of justice." The court based this conclusion upon, among other things, its assessment that the plaintiff failed to negotiate with the borrower in good faith. The court's determination also appeared to rest in part on the fact that the plaintiff participated in the federal Troubled Asset Relief Program bailout (*see* 12 USC § 5201 *et seq.*), and the court's opinion that the plaintiff should, therefore, have worked harder to provide the borrower with an affordable loan modification. Based upon the reasons stated on the record, the court granted the borrower's motion and, sua sponte, directed dismissal of the action in its entirety with prejudice. The plaintiff appeals.

22 NYCRR 202.27 (b) gives a court the discretion to dismiss a plaintiff's complaint where the plaintiff fails to appear at any scheduled appearance. Under certain circumstances, a single nonappearance or failure to be ready to proceed may warrant dismissal (*see Community Network Serv., Inc. v Verizon N.Y., Inc.*, 48 AD3d 249, 250 [2008]). However, to the extent that the Supreme Court's determination here rested upon the plaintiff's single nonappearance at the October 29, 2009, settlement conference, the court improvidently exercised its discretion in directing dismissal of the complaint with prejudice, especially since the plaintiff appears to have actively participated in subsequent litigation of this action over the two years following the October 29, 2009, settlement conference (*see generally Feders v Lamprecht*, 43 AD3d 276, 277 [2007]).

To the extent that the Supreme Court also determined that the borrower established, prima facie, that dismissal was warranted on the ground that the plaintiff acted in bad faith, that determination was also erroneous. Although CPLR 3408

provides that "[b]oth the plaintiff and defendant" in a foreclosure action "shall negotiate in good faith to reach a mutually agreeable resolution, including a loan modification, if possible," and requires the plaintiff to appear at all conferences in person or by counsel with full authority to dispose of the case (CPLR 3408 [f]; see CPLR 3408 [c]), the CPLR does not specify a remedy for a party's failure to comply with these requirements (see Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9, 19 [2013], citing Hon. Mark C. Dillon, The Newly-Enacted CPLR 3408 for Easing the Mortgage Foreclosure Crisis: Very Good Steps, But Not Legislatively Perfect, 30 Pace L Rev 855, 875 [2010]; see also US Bank N.A. v Sarmiento, 121 AD3d 187 [2d Dept 2014]). In any event, other than his attorney's affirmation, which has no evidentiary value (see Winter v Black, 95 AD3d 1208 [2012]; Bahlkow v Greenberg, 185 AD2d 829, 831 [1992]), the borrower only submitted the complaint in the action, a letter from a Supreme Court law clerk directing the plaintiff to provide the borrower's counsel with certain documentation, and the plaintiff's loan modification offer. These documents failed to demonstrate that the plaintiff did not evaluate the borrower's loan modification application in good faith or work with him toward a mutually agreeable settlement, as required by CPLR 3408 (f). Accordingly, to the extent that the Supreme Court determined that dismissal was warranted on the basis that the borrower had demonstrated that the plaintiff acted in bad faith, such determination was error. Thus, the Supreme Court should have denied the borrower's motion to dismiss the complaint insofar as asserted against him.

The Supreme Court also erred in, sua sponte, directing dismissal of the action in its entirety with prejudice (see Bank of Am., N.A. v Bah, 95 AD3d 1150, 1151-1152 [2012]; Aurora Loan Servs., LLC v Shahmela Shah Sookoo, 92 AD3d 705, 707 [2012]; U.S. Bank, N.A. v Guichardo, 90 AD3d 1032, 1033 [2011]; U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048 [2011]; HSBC Bank USA, N.A. v Valentin, 72 AD3d 1027 [2010]; see also IndyMac Bank, F.S.B. v Yano-Horoski, 78 AD3d 895, 896 [2010]). "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (U.S. Bank, N.A. v Emmanuel, 83 AD3d at 1048; see HSBC Bank USA, N.A. v Taher, 104 AD3d 815, 817 [2013]; Aurora Loan Servs., LLC v Sobanke, 101 AD3d 1065, 1066 [2012]; Bank of Am., N.A. v Bah, 95 AD3d at 1151-1152; U.S. Bank, N.A. v Guichardo, 90 AD3d at 1033). Furthermore, when a court exercises its power to impose a sanction sua sponte, it must afford the party to be sanctioned a reasonable opportunity to be heard (see Matter of Griffin v Panzarin, 305

AD2d 601, 603 [2003]; *see also Tirado v Miller*, 75 AD3d 153, 158-160 [2010]).

Here, the Supreme Court was not presented with any extraordinary circumstances warranting sua sponte dismissal of the complaint. Moreover, the plaintiff was not "given fair warning that such a sanction was even under consideration," as there is no indication that it was advised that the borrower's motion was being revived or that the court was independently considering dismissal based, apparently, on the plaintiff's conduct in the intervening two years (*IndyMac Bank, F.S.B. v Yano-Horoski*, 78 AD3d at 896; *see Matter of Griffin v Panzarin*, 305 AD2d at 603; *see also Tirado v Miller*, 75 AD3d at 158-160).

In addition, the Supreme Court's "consideration of facts outside of the record, absent the parties' consent, constituted error" (*Silberman v Antar*, 236 AD2d 385, 385 [1997]).

In light of the Supreme Court's intemperate remarks, which exhibited bias against the plaintiff, and its improper reliance on its personal opinion of the federal bailout of mortgage lenders rather than on the evidence before it, we remit the matter to the Supreme Court, Orange County, for further proceedings before a different Justice (*see HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817-818; *Aurora Loan Servs., LLC v Shahmela Shah Sookoo*, 92 AD3d at 707; *DeCrescenzo v Gonzalez*, 46 AD3d 607, 608 [2007]).

In light of the foregoing, we need not address the parties' remaining contentions. Mastro, J.P., Leventhal, Lott and Roman, JJ., concur.