■ U.S. Bank National Association, as Trustee for Credit Suisse First Boston ARMT 2005-11, 3476 Stateview Boule-

VARD, FT. MILL, SC 29715, Appellant, v ELIUD POLANCO et al., Respondents. [7 NYS3d 156]—

In an action to foreclose a mortgage, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Lewis, J.), entered September 30, 2013, which, upon an order of the same court dated April 27, 2012, sua sponte, inter alia, directing that the complaint would be dismissed with prejudice unless it filed an attorney's affirmation in accordance with Administrative Order 548/10 of the Chief Administrative Judge of the Courts, as replaced by Administrative Order 431/11 of the Chief Administrative Judge of the Courts, within 60 days of the date of the order, is in favor of the defendants and against it dismissing the complaint with prejudice.

Ordered that the judgment is reversed, on the law, with costs, the order is vacated, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

On February 4, 2008, the plaintiff commenced this foreclosure action against, among others, the defendant Eliud Polanco. Polanco interposed a verified answer. In September 2009, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Polanco and an order of reference. In an order dated April 27, 2012, the Supreme Court, sua sponte, directed that the motion and the complaint would be dismissed with prejudice unless, within 60 days of the issuance of that order, the plaintiff filed an attorney's affirmation attesting to the accuracy of the plaintiff's documents in accordance with Administrative Order 548/10, issued by the Chief Administrative Judge of the Courts on October 20, 2010, which has since been replaced by Administrative Order 431/11 of the Chief Administrative Judge of the Courts (hereinafter together the Administrative Order). The plaintiff failed to comply with the 60-day deadline, and on September 30, 2013, a judgment was entered dismissing the complaint with prejudice. The plaintiff appeals.

The Administrative Order requires the counsel for the plaintiff in a residential mortgage foreclosure action to file with the court an affirmation confirming the accuracy of the plaintiff's pleadings. Where an action was pending on the effective date of the Administrative Order, and no judgment of foreclosure has been entered, the Administrative Order provides that the affirmation must be filed "at the time of filing either

the proposed order of reference or the proposed judgment of foreclosure." Here, the action was pending on the effective date of the Administrative Order, and the plaintiff filed its proposed order of reference more than one year before the Administrative Order was issued. Under those circumstances, the plaintiff is not required to file the attorney's affirmation until it files the proposed judgment of foreclosure (*see Wells Fargo Bank, NA v Ambrosov*, 120 AD3d 1225 [2014]; *Flagstar Bank v Bellafiore*, 94 AD3d 1044, 1045 [2012]; *US Bank, N.A. v Boyce*, 93 AD3d 782 [2012]). Therefore, the Supreme Court erred when it, sua sponte, directed that the plaintiff's motion would be dismissed unless it filed the attorney's affirmation within 60 days.

Furthermore, "[a] court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]; *see Aurora Loan Servs., LLC v Sobanke*, 101 AD3d 1065, 1066 [2012]; *Bank of Am., N.A. v Bah*, 95 AD3d 1150, 1151-1152 [2012]). Here, the Supreme Court was not presented with any extraordinary circumstances warranting a sua sponte dismissal of the complaint, and there was no indication that the plaintiff had engaged in a pattern of willful noncompliance with court-ordered deadlines (*see Bank of Am., N.A. v Bah*, 95 AD3d at 1151-1152; *U.S. Bank, N.A. v Guichardo*, 90 AD3d 1032, 1033 [2011]). Consequently, the court erred in, sua sponte, directing the dismissal of the complaint with prejudice (*see Bank of N.Y. v Castillo*, 120 AD3d 598, 600 [2014]; *Bank of Am., N.A. v Bah*, 95 AD3d at 1151-1152; *U.S. Bank, N.A. v Guichardo*, 90 AD3d at 1033; *U.S. Bank, N.A. v Emmanuel*, 83 AD3d at 1048).

Polanco's remaining contentions either are without merit or have been rendered academic by our determination.

Accordingly, we reverse the judgment, vacate the order, reinstate the complaint, and remit the matter to the Supreme Court, Kings County, for a determination of the plaintiff's motion on the merits. Dillon, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.