*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 31, 2016                    520544
_____

U.S. BANK NATIONAL ASSOCIATION,
    as Trustee for RASC
    2005-EMX4,
                    Appellant,

        v                                   MEMORANDUM AND ORDER

KRISTINE H. McCRORY,
                    Respondent,
                    et al.,
                    Defendants.
_____

Calendar Date:   February 9, 2016

Before:  Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ.

_____

    Hogan Lovells US LLP, New York City (Chava Brandriss of
counsel), for appellant.

    Legal Services of Central New York, Inc., Syracuse (Reta
Raymond of counsel), for respondent.

_____

Lynch, J.

    Appeal from an order of the Supreme Court (Campbell, J.),
entered April 4, 2014 in Cortland County, which sua sponte
dismissed the complaint.

    In 2005, defendants Kristine H. McCrory and Michael P.
McCrory (hereinafter collectively referred to as defendants)
executed a note in favor of M & T Mortgage Corporation, secured
by a mortgage on real property located in Cortland County.  The
note included an allonge payable to the order of plaintiff.  For
recording purposes, the mortgage names Mortgage Electronic

Registration Systems, Inc. as nominee and mortgagee.

Mortgage Electronic assigned the mortgage to plaintiff in November 2008, and the parties entered into a loan modification agreement at that time capitalizing arrears into the principal balance. When defendants defaulted on the modified loan in 2010, plaintiff commenced a foreclosure action. That action, however, was dismissed without prejudice in April 2011, after Supreme Court determined that plaintiff failed to act in good faith through a series of eight settlement conferences (see CPLR 3408 [f]; 22 NYCRR 202.12-a [c] [4]). The court further directed plaintiff to attach a copy of the dismissal order to the pleadings in any subsequent foreclosure action. In November 2013, plaintiff commenced the instant foreclosure action, through new counsel, but failed to reference and attach the previous order as directed by Supreme Court. Kristine McCrory responded with a letter to the court that she was pursuing a short sale. A settlement conference was held on April 3, 2014, at which plaintiff's counsel advised Supreme Court that he was unaware of the court's previous order and that he was not authorized to dispose of the case without consulting plaintiff. That same day, the court sua sponte dismissed the complaint, with prejudice, finding that plaintiff continued to act in bad faith. Plaintiff appeals.[1]

We reverse. In a residential foreclosure action, the parties are obligated to participate in good faith in the settlement conference mandated under CPLR 3408 and 22 NYCRR 202.12-a, and the court is authorized to impose an appropriate sanction for a party's failure to comply (see US Bank N.A. v Sarmiento, 121 AD3d 187, 207 [2014]). Since the April 2011 order was not appealed, Supreme Court's determination to dismiss the initial foreclosure action is not at issue here, and the court acted well within its equity powers in directing plaintiff to attach the dismissal order to any new action – in this way

_____

[1] Plaintiff properly appealed the order as of right since the court dismissed the complaint with prejudice, which constitutes a final judgment of the action (see CPLR 5701 [a] [1]).

assuring that any assigned judge would be informed of the case history (see generally Norwest Bank Minn., NA v E.M.V Realty Corp., 94 AD3d 835, 836 [2012], lv dismissed 19 NY3d 1085 [2012]).  Given that background, it is understandable that Supreme Court reacted to plaintiff's failure to comply with the earlier directive.  That said, a party must be placed on notice and given an opportunity to be heard as a matter of due process before the court imposes a sanction (see Bank of N.Y. v Castillo, 120 AD3d 598, 600-601 [2014]; Bank of Am., N.A. v Lucido, 114 AD3d 714, 715 [2014]; Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9, 22 [2013]).  There is no indication in this record that the court provided such notice.  Moreover, the circumstances presented are not so extraordinary as to warrant the severe penalty of a dismissal of the complaint with prejudice (see U.S. Bank N.A. v Polanco, 126 AD3d 883, 885 [2015]; Bank of N.Y. v Castillo, 120 AD3d at 601).  This is particularly so since plaintiff was represented by new counsel and had previously entered into a loan modification agreement after defendants missed certain payments in 2008.  We also note that Supreme Court's reliance on 22 NYCRR 202.26 (e) as authority for the dismissal was misplaced, for that rule concerning settlement authority applies to pretrial conferences after the filing of a note of issue, not a CPLR 3408 settlement conference. Accordingly, the complaint is reinstated and the matter remitted to Supreme Court for further proceedings.

Peters, P.J., McCarthy and Egan Jr., JJ., concur.


ORDERED that the order is reversed, on the law, with costs, and complaint reinstated.


ENTER:

Robert D. Mayberger
Clerk of the Court