*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    October 20, 2016                    521497
_____

CITIMORTGAGE, INC., as
   Successor by Merger to
   CitiFinancial Mortgage
   Company, Inc., Formerly
   Known as Associates
   Home Equity Services,
   Inc., as Successor by                    MEMORANDUM AND ORDER
   Merger to Ford Consumer
   Finance Company, Inc.,
               Appellant,

    v

KAREN E. LOTTRIDGE, Also
   Known as KAREN LOTTRIDGE,
   et al.,
               Respondents,
               et al.,
               Defendants.
_____

Calendar Date:    September 16, 2016

Before:    Peters, P.J., McCarthy, Garry, Clark and Aarons, JJ.

_____

    Davidson Fink, LLP, Rochester (Larry T. Powell of counsel),
for appellant.

_____

Peters, P.J.

    Appeal from an order of the Supreme Court (Coccoma, J.),
entered February 7, 2014 in Otsego County, which denied
plaintiff's motion to vacate an order of dismissal.

In September 2009, plaintiff commenced this mortgage foreclosure action alleging that Frederick Lottridge and defendant Karen E. Lottridge defaulted on a note secured by a mortgage on real property located in Otsego County. Karen Lottridge failed to answer the complaint or appear in the action[1] and, in May 2010, plaintiff moved for an order of reference. Supreme Court issued such order in July 2010 and, the following month, the appointed referee issued a report computing the amount due and owing on the mortgage. The matter languished for two years until September 2012, when plaintiff filed a renewed notice of pendency (see CPLR 6516). At a status conference on December 5, 2012, Supreme Court directed plaintiff to make an application for a default judgment by December 24, 2012. When plaintiff failed to do so by the prescribed date, the court sua sponte dismissed the complaint pursuant to CPLR 3215 (c) and canceled the notice of pendency. Supreme Court denied plaintiff's subsequent motion to vacate the order of dismissal and restore the action to the trial calender, and this appeal by plaintiff ensued.

CPLR 3215 (c) provides that, "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "To avoid dismissal pursuant to CPLR 3215 (c), '[i]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default'" (Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 773 [2016], quoting US Bank N.A. v Dorestant, 131 AD3d 467, 469 [2015]; see HSBC Bank USA, N.A. v Traore, 139 AD3d 1009, 1010 [2016]; Wells Fargo Bank, N.A. v Combs, 128 AD3d 812, 813 [2015]). "[A]s long as 'proceedings' are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal" (Brown v Rosedale Nurseries, 259 AD2d 256, 257 [1999] [internal quotation marks and citation omitted]; accord HSBC Bank USA, N.A.

_____

[1]  Frederick Lottridge died before the foreclosure action was commenced.

v Traore, 139 AD3d at 1010-1011; Aurora Loan Servs., LLC v Gross, 139 AD3d at 773; see Wells Fargo Bank, N.A. v Combs, 128 AD3d at 813; Klein v St. Cyprian Props., Inc., 100 AD3d 711, 712 [2012]).

Here, when plaintiff took the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference (see RPAPL 1321 [1]), it initiated proceedings for entry of the default judgment within one year of defendants' default and, thus, did not abandon this action (see CPLR 3215 [c]; HSBC Bank USA, N.A. v Traore, 139 AD3d at 1011; Aurora Loan Servs., LLC v Gross, 139 AD3d at 773; U.S. Bank N.A. v Bassett, 137 AD3d 1109, 1110 [2016]; BAC Home Loans Servicing, LP v Maestri, 134 AD3d 1593, 1593 [2015]; US Bank N.A. v Dorestant, 131 AD3d at 469; Wells Fargo Bank, N.A. v Combs, 128 AD3d at 813; HSBC Bank USA, N.A. v Alexander, 124 AD3d 838, 839 [2015]). Accordingly, Supreme Court improperly relied on CPLR 3215 (c) in dismissing the complaint.

Although a trial court has the inherent power to dismiss a complaint sua sponte, such power "is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Wells Fargo Bank, N.A. v Pabon, 138 AD3d 1217, 1219 [2016] [internal quotation marks and citations omitted]; see Loancare v Carter, 139 AD3d 817, 818 [2016]; CitiMortgage, Inc. v Petragnani, 137 AD3d 1688, 1688 [2016]; U.S. Bank N.A. v Gulley, 137 AD3d 1008, 1009 [2016]). Here, while plaintiff's conduct was certainly worthy of criticism, extraordinary circumstances warranting the severe penalty of dismissal of the complaint without notice were not present. While it is true that plaintiff did nothing to pursue a default judgment for approximately two years after the order of reference was issued, plaintiff asserted that the delay was attributable to its attempts to comply with Administrative Order 548/10, which had been replaced by Administrative Order 431/11,[2] as well as the dissolution of the

---

[2]  On October 20, 2010, the Chief Administrative Judge of the Courts issued Administrative Order 548/10, which required the plaintiff's counsel in a residential mortgage foreclosure action to submit an affirmation confirming, among other things, the accuracy of the allegations in the complaint and any supporting

law firm originally representing it.  The record reflects that plaintiff took active steps in pursuit of a default judgment after obtaining new counsel in January 2012 and, although it failed to file an application for a default judgment by the date prescribed by Supreme Court, there is no evidence of a pattern of willful noncompliance with court-ordered deadlines (see CitiMortgage, Inc. v Carter, 140 AD3d 1663, 1663 [2016]; Aurora Loan Servs., LLC v Gross, 139 AD3d at 773-774; Bank of Am., N.A. v Bah, 95 AD3d 1150, 1151-1152 [2012]).  Moreover, "a party must be placed on notice and given an opportunity to be heard as a matter of due process before the court imposes a sanction" (U.S. Bank N.A. v McCrory, 137 AD3d 1517, 1518 [2016]; see Bank of N.Y. v Castillo, 120 AD3d 598, 600-601 [2014]; U.S. Bank, N.A. v Guichardo, 90 AD3d 1032, 1033 [2011]).  There is no indication in the present record that the court provided such notice.

While we are constrained to conclude that, under these circumstances, Supreme Court improvidently exercised its discretion in sua sponte directing the dismissal of the complaint and the cancellation of the notice of pendency, we acknowledge that the conduct of plaintiff frustrates our justice system and should not be condoned.

McCarthy, Garry, Clark and Aarons, JJ., concur.

---

documents (see Wells Fargo Bank, N.A. v Watanabe, 136 AD3d 1413, 1413-1414 [2016]; U.S. Bank N.A. v Polanco, 126 AD3d 883, 884-885 [2015]).  On March 2, 2011, Administrative Order 548/10 was replaced by Administrative Order 431/11, which revised the form for the required attorney affirmation (see id.).

ORDERED that the order is reversed, on the law, without costs, and motion granted.

ENTER:

Robert D. Mayberger
Clerk of the Court