Flagstar Bank, FSB v Pretto (2018 NY Slip Op 08738)





Flagstar Bank, FSB v Pretto


2018 NY Slip Op 08738


Decided on December 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 20, 2018

526679

[*1]FLAGSTAR BANK, FSB, Appellant,
v
DONALD PRETTO, Respondent, et al., Defendants.

Calendar Date: November 19, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.


Druckman Law Group PLLC, Westbury (Richard J. Pelliccio of counsel), for appellant.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeal from an order of the Supreme Court (Zwack, J.), entered January 3, 2017 in Ulster County, which denied plaintiff's motion for summary judgment.
In March 2008, defendant Donald Pretto (hereinafter defendant) signed a note and mortgage encumbering real property located in Ulster County. By December 2008, defendant had defaulted. In April 2009, plaintiff, which had been assigned the mortgage, commenced this foreclosure action and defendant submitted an answer. In July 2010, plaintiff moved for summary judgment and an order appointing a referee to compute the amount due under the note. Supreme Court apparently held foreclosure conferences from October 2010 through March 2011 and ordered that a written status report be filed by September 2011. No status report was filed. In April 2012, the court denied plaintiff's summary judgment motion and tolled interest on the note beginning on the date of commencement of the action, based on plaintiff's alleged failure to file an attorney affirmation as required by Administrative Order 431/11 of the Chief Administrative Judge of the Courts and failure to timely provide a status report. Plaintiff appeals.[FN1]
We reverse. To address concerns and abuses related to residential mortgage foreclosures, the Chief Administrative Judge issued Administrative Order 548/10 in October 2010, which was superseded by Administrative Order 431/11 (retroactively effective November 18, 2010). "Administrative Order 431/11 requires a plaintiff's attorney in a residential mortgage foreclosure action to file an affirmation indicating that he or she communicated with a representative of the plaintiff, and that the representative informed the attorney that he/she/they (a) personally reviewed plaintiff's documents and records relating to this case for factual accuracy; and (b) confirmed the factual accuracy of the allegations set forth in the [c]omplaint [*2]and any supporting affidavits or affirmations filed with the [c]ourt, as well as the accuracy of the notarizations contained in the supporting documents filed therewith" (Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1063, 1065 [2016] [internal quotation marks and citations omitted]; see Administrative Order 431/11; Wells Fargo Bank, N.A. v Pabon, 138 AD3d 1217, 1217-1218 [2016]; U.S. Bank N.A. v Eaddy, 109 AD3d 908, 909 [2013]). "Where an action was pending on the effective date of the Administrative Order, and no judgment of foreclosure has been entered, the Administrative Order provides that the affirmation must be filed 'at the time of filing either the proposed order of reference or the proposed judgment of foreclosure'" (U.S. Bank N.A. v Polanco, 126 AD3d 883, 884-885 [2015], quoting Administrative Order 431/11; see US Bank, N.A. v Boyce, 93 AD3d 782, 782 [2012]).
The present foreclosure action was commenced in 2009. The record contains a proposed order of reference (also granting summary judgment) that plaintiff submitted with its motion in July 2010. All of this occurred before Administrative Orders 548/10 and 431/11 became effective. Therefore, pursuant to the express terms of those Administrative Orders, plaintiff was not required to file the attorney's affirmation until it filed the proposed judgment of foreclosure (see U.S. Bank N.A. v Polanco, 126 AD3d at 884-885; Wells Fargo Bank, NA v Ambrosov, 120 AD3d 1225, 1226 [2014]). Accordingly, Supreme Court erred in denying plaintiff's motion based on the absence of such an affirmation (see U.S. Bank N.A. v Polanco, 126 AD3d at 884-885; US Bank, N.A. v Boyce, 93 AD3d at 782).
Plaintiff made a prima facie showing of entitlement to judgment as a matter of law through submission of the note, mortgage and an affidavit establishing defendant's default (see Flagstar Bank v Bellafiore, 94 AD3d 1044, 1045 [2012]). Because defendant did not oppose the motion and his answer contained only conclusory and unsupported defenses, no triable issue of fact existed (see id.). However, after plaintiff filed its motion, Supreme Court held foreclosure conferences and ordered submission of a written report advising the court of the status of settlement, refinancing or restructuring of the subject note and mortgage. When more than six months passed after the due date for that status report without any report being filed, the court denied plaintiff's motion for summary judgment, based in part on the failure to comply with a court order and timely file such a report. As it is unclear whether Supreme Court would have denied the motion based solely on the absence of a written status report (as opposed to the alleged lack of compliance with Administrative Order 431/11), and the current record contains no support for the court's statements regarding its reasons for tolling interest on the note, we remit for further consideration of the motion.
Egan Jr., Lynch, Devine and Clark, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Although Supreme Court signed the order in April 2012, it was apparently lost and plaintiff obtained the court's signature on a duplicate original order in December 2016, which was entered in January 2017.