Charalabidis v Elnagar (2020 NY Slip Op 04912)





Charalabidis v Elnagar


2020 NY Slip Op 04912


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-12340
 (Index No. 18505/14)

[*1]Frini Charalabidis, et al., respondents,
v
Gehadadel Elnagar, et al., appellants.


Philip J. Rizzuto, P.C., Uniondale, NY (Kristen N. Reed of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered October 12, 2016. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of the defendants' motion for summary judgment dismissing the complaint.
On November 22, 2014, the plaintiffs allegedly were injured when their vehicle came into contact with a vehicle operated by the defendant Gehadadel Elnagar and owned by the defendant Qusid, Inc. The plaintiffs thereafter commenced this action to recover damages for the personal injuries that they allegedly sustained in the accident. By notice of motion dated February 18, 2016, after discovery, the defendants moved for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In or around late April 2016, the plaintiffs submitted opposition papers. Nearly four months after the defendants' motion for summary judgment was fully submitted, but before any decision was rendered, the Supreme Court issued an order dated August 9, 2016, scheduling the matter for a settlement conference to be conducted on September 14, 2016. The defendants, as the moving parties, were directed to serve the order with notice of entry upon all parties.
The defendants did not serve the order dated August 9, 2016, and as a consequence, the plaintiffs failed to appear in court on the scheduled conference date. In the order appealed from, the Supreme Court noted the plaintiffs' absence and denied the defendants' motion for summary judgment. While the court did not expressly state that the defendants were present at the conference, a logical reading of the order permits such an inference. The denial of the motion was not on its merits, but was instead directed as a sanction pursuant to 22 NYCRR 202.27 for the defendants' failure to serve a copy of the prior scheduling order. The defendants appeal.
22 NYCRR 202.27 governs what a court may do in the event that the plaintiff, the defendant, or both parties fail to appear at a scheduled calendar call or conference. Specifically, where the plaintiff appears but the defendant does not, the court may grant judgment by default or order an inquest (see 22 NYCRR 202.27[a]). Where the defendant appears but the plaintiff does not, the court may dismiss the action and order a severance of counterclaims or cross claims (see 22 [*2]NYCRR 202.27[b]). If no party appears, the court may make such order as appears just (see 22 NYCRR 202.27[c]).
Here, since the defendants apparently appeared at the conference on September 14, 2016, but the plaintiffs did not appear, the sanction available to the Supreme Court was the dismissal of the action and the severance of any counterclaims or cross claims. Clearly, the denial of the defendants' summary judgment motion as a sanction for not serving the plaintiffs with a copy of the order dated August 9, 2016, was not a penalty authorized under the plain language of 22 NYCRR 202.27(b). Under the circumstances of this case, where the defendants' motion was fully submitted and ready to be decided several months prior to the court's issuance of the August 9, 2016, order scheduling a conference, the court should not have denied the motion pursuant to 22 NYCRR 202.27 and should have decided the motion on its merits (see Bank of N.Y. v Castillo, 120 AD3d 598, 599). Indeed, even if neither party had appeared for the scheduled settlement conference, in which case the court, pursuant to 22 NYCRR 202.27(c), was authorized to make "such order as appears just," under the circumstances present here, it would have been an improvident exercise of discretion to sanction the defendants by denying their fully submitted summary judgment motion without regard to an evaluation of its merit (see Bank of N.Y. v Castillo, 120 AD3d at 559).
As the defendants' motion for summary judgment has not yet been decided on its merits, we remit the matter to the Supreme Court, Queens County, for such determination. We express no opinion as to the merits of the motion.
DILLON, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court