■ Deutsche Bank National Trust Company, as Trustee under the Pooling and Servicing Agreement Relating to IMPAC Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2007-1, Appellant, v Noor Meah, Respondent, et al., Defendants. [991 NYS2d 92]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered July 16, 2013, as, in effect, denied that branch of its motion which was for a new order of reference and, sua sponte, directed dismissal of the complaint and the cancellation of a certain notice of pendency.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint and directed the cancellation of a certain notice of pendency is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, that branch of the plaintiff's motion which was for a new order of reference is granted, and the matter is remit-

ted to the Supreme Court, Queens County, for further proceedings, including the settlement of a new order appointing a referee to compute.

In this mortgage foreclosure action, the Supreme Court, in an order dated June 19, 2009, directed a reference to "ascertain and compute the amount due to the plaintiff." That order was based, in part, on an affidavit submitted by the plaintiff that had been executed by one Keri Selman and had been sworn to on May 8, 2008.

Counsel for the plaintiff, upon review of the documents that had previously been submitted, subsequently determined that the plaintiff was unable to confirm either the validity of the process by which the Selman affidavit had been notarized or that Selman had undertaken a "proper review of the records," as required by Administrative Orders 548/10 and 431/11 of the Chief Administrative Judge. The plaintiff then submitted the motion now under review, in which it sought, inter alia, a new order of reference to compute the amount owed to it based on new papers. The Supreme Court, inter alia, in effect, denied that branch of the motion which was for a new order of reference and, sua sponte, directed dismissal of the complaint and the cancellation of a certain notice of pendency.

"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]; *see U.S. Bank, N.A. v Razon*, 115 AD3d 739 [2014]; *Wells Fargo Bank, N.A. v Gioia*, 114 AD3d 766 [2014]; *Onewest Bank, FSB v Fernandez*, 112 AD3d 681 [2013]). The fact that the plaintiff's attorney attempted to comply, in good faith, with an Administrative Order of the Chief Administrative Judge that did not exist at the time that the action was commenced, or at the time of the plaintiff's prior motion for a reference, does not qualify as such an "extraordinary circumstance." Nothing in the Administrative Orders requires the dismissal of an action merely because the plaintiff's attorney discovers that there was some irregularity or defect in a prior submission, nor is the plaintiff effectively required to commence an entirely new action (*see generally U.S. Bank N.A. v Eaddy*, 109 AD3d 908 [2013]). Accordingly, the plaintiff is entitled to the issuance of a new order of reference. Mastro, J.P., Rivera, Balkin and Miller, JJ., concur.