HSBC Bank USA, N.A., Appellant, v Sylvia L. Alexander et al., Defendants. [4 NYS3d 47]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated April 14, 2014, which denied its unopposed motion for leave to enter a judgment against the defendants upon their failure to appear or answer the complaint, for an order of reference, and for leave to amend the caption and, sua sponte, directed the dismissal of the complaint pursuant to CPLR 3215 (c) and the cancellation of a certain notice of pendency filed against the subject property.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint pursuant to CPLR 3215 (c) and the cancellation of a certain notice of pendency filed against the subject property is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff's unopposed motion for leave to enter a judgment against the defendants, upon their failure to appear or answer the complaint, for an order of reference, and for leave to amend the caption is granted.

In October 2007, the plaintiff commenced the instant mortgage foreclosure action and, in February 2008, the plaintiff moved for an order of reference. In November 2010, the plaintiff filed a notice of withdrawal, requesting that its prior motion, which was still pending, be withdrawn. In November 2013, following further proceedings, the plaintiff again requested to withdraw its motion and moved, unopposed, for leave to enter a default judgment, for an order of reference, and for leave to amend the caption. In the order appealed from, which was dated April 14, 2014, the Supreme Court denied the plaintiff's unop-

posed motion and, sua sponte, directed the dismissal of the complaint pursuant to CPLR 3215 (c) and the cancellation of a certain notice of pendency filed against the subject property.

The Supreme Court improvidently exercised its discretion in, sua sponte, directing dismissal of the complaint pursuant to CPLR 3215 (c) and the cancellation of the notice of pendency. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*Onewest Bank, FSB v Fernandez*, 112 AD3d 681, 682 [2013] [internal quotation marks omitted]; *see Deutsche Bank Natl. Trust Co. v Meah*, 120 AD3d 465, 466 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 817 [2013]; *Aurora Loan Servs., LLC v Sobanke*, 101 AD3d 1065, 1066 [2012]). There were no extraordinary circumstances warranting dismissal of the complaint and cancellation of the notice of pendency (*see HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817). In February 2008, when the plaintiff took the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference (*see* RPAPL 1321 [1]), it initiated proceedings for entry of the default judgment within one year of the defendants' default and, thus, did not abandon this action (*see* CPLR 3215 [c]; *Klein v St. Cyprian Props., Inc.*, 100 AD3d 711, 712 [2012]).

The Supreme Court erred in denying that branch of the plaintiff's unopposed motion which was for an order of reference. In support of its motion, the plaintiff submitted documentary proof showing that the defendants failed to answer the complaint within the time allowed and that the plaintiff was the holder of the mortgage and note, as well as proof of the default of the defendant mortgagor, Sylvia L. Alexander, and that, as a preliminary step in obtaining a judgment of foreclosure, the appointment of a referee to compute the amount due on the consolidated mortgage was proper (*see* RPAPL 1321; *Wells Fargo Bank, NA v Ambrosov*, 120 AD3d 1225, 1226 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d at 816; *Bank of N.Y. v Alderazi*, 99 AD3d 837, 837-838 [2012]).

Furthermore, the Supreme Court also erred in denying that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against the defendants. By submitting proof of service of a copy of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendants' failure to answer or appear, the plaintiff demonstrated its entitlement to a default judgment against the defendants (*see* CPLR 3215 [f]; *U.S. Bank, N.A. v Razon*, 115 AD3d 739, 740 [2014]; *Mortgage Elec. Registration Sys., Inc. v Smith*,

111 AD3d 804, 806 [2013]; *Loaiza v Guzman,* 111 AD3d 608, 609 [2013]).

Finally, the plaintiff demonstrated that the caption should be amended (*see* CPLR 1024; *Deutsche Bank Natl. Trust Co. v Islar,* 122 AD3d 566, 568 [2014]). Accordingly, the Supreme Court should have granted that branch of the plaintiff's unopposed motion which was for leave to amend the caption. Balkin, J.P., Leventhal, Dickerson, Miller and LaSalle, JJ., concur.