■ U.S. Bank National Association, Appellant, v Khoda-dad A. Ahmed, Respondent, et al., Defendants. [29 NYS3d 33]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated December 19, 2014, which (a) denied its motion to vacate an order of reference of the same court dated July 10, 2009, and for a new order of reference, (b), sua sponte, directed dismissal of the complaint pursuant to Kings County Supreme Court Uniform Civil Term Rules part F, rule 8, and (c) denied the cross motion of the defendant Khodadad A. Ahmed to vacate his default in answering, for leave to serve a late answer, and to dismiss the complaint for lack of standing, as academic rather than on the merits.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, the plaintiff's motion to vacate the order of reference dated July 10, 2009 and for a new order of reference is granted, and the cross motion of the defendant Khodadad A. Ahmed is denied on the merits; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this foreclosure action in 2008. The defendant Khodadad A. Ahmed (hereinafter the defendant) did not serve an answer. The Supreme Court granted an order of reference on July 10, 2009 upon the defendant's default. Although the plaintiff moved for a judgment of foreclosure and sale on or about May 21, 2010, it was forced to withdraw that still-pending motion on or about January 12, 2011 in order to comply with the requirements of the newly implemented Administrative Orders AO/548/10 and AO/431/11 of the Chief Administrative Judge of the State of New York. Following a series of court-ordered settlement conferences which took place over an extended period of time and which ultimately proved unsuccessful, the plaintiff's new counsel investigated and verified the underlying business records and moved on or about October 10, 2013 to vacate the July 10, 2009 order of reference and for a new order of reference based on its updated and verified review of the records. The defendant cross-moved to vacate his default, for leave to serve a late answer asserting, inter alia, the affirmative defense of lack of standing, and to dismiss the complaint based on lack of standing.

The Supreme Court denied the plaintiff's motion and, sua sponte, directed dismissal of the complaint pursuant to Kings County Supreme Court Uniform Civil Term Rules part F, rule 8, on the ground that the plaintiff had failed to move for a judgment of foreclosure and sale within one year of the issuance of the order of reference dated July 10, 2009. The court further denied the defendant's cross motion as academic in light of its sua sponte determination. We reverse.

The Supreme Court erred in denying the plaintiff's motion to vacate the July 10, 2009 order of reference and for a new order of reference. The plaintiff demonstrated its entitlement to this relief by establishing that it was unable to confirm, inter alia, that a proper review of the records had been undertaken by its previous counsel when previous counsel made the motion for the initial order of reference, as required by Administrative Orders AO/548/10 and AO/431/11 of the Chief Administrative Judge of the State of New York (*see Deutsche Bank Natl. Trust Co. v Meah*, 120 AD3d 465, 466 [2014]; *U.S. Bank N.A. v Eaddy*, 109 AD3d 908, 909 [2013]). Moreover, the plaintiff submitted new documentary proof demonstrating that the defendant failed to answer the complaint, that an investigation of the relevant records established that the plaintiff was the holder of the note and mortgage and that the defendant had defaulted thereon, and that the appointment of a referee to compute the amount owed in a new order of reference would be proper (*see HSBC Bank USA, N.A. v Alexander*, 124 AD3d 838, 839 [2015]; *Bank of N.Y. v Cepeda*, 120 AD3d 451, 452 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 816 [2013]).

The Supreme Court further erred in, sua sponte, directing the dismissal of the complaint. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*Onewest Bank, FSB v Fernandez*, 112 AD3d 681, 682 [2013] [internal quotation marks omitted]; *see HSBC Bank USA, N.A. v Alexander*, 124 AD3d at 839; *Deutsche Bank Natl. Trust Co. v Meah*, 120 AD3d at 466; *Bank of N.Y. v Cepeda*, 120 AD3d at 452-453). No such extraordinary circumstances were present in this case, and the sua sponte dismissal pursuant to Kings County Supreme Court Uniform Civil Term Rule part F, rule 8, without affording the plaintiff any notice and opportunity to be heard, was particularly improper given the evidence that the delay in seeking a judgment of foreclosure and sale had been occasioned by the parties' attendance at a series of settlement conferences, the additional investigative work which had to be performed by the new law firm representing the plaintiff

following its acquisition of the case, and the efforts that had to be undertaken to comply with the Administrative Orders of the Chief Administrative Judge of the State of New York (*see generally Aurora Loan Servs., LLC v Sobanke*, 101 AD3d 1065, 1066 [2012]).

With regard to the defendant's cross motion, a defendant seeking to vacate a default must establish both a reasonable excuse for the default and the existence of a potentially meritorious defense to the action (*see Wells Fargo Bank, NA v Besemer*, 131 AD3d 1047, 1049 [2015]; *Wells Fargo Bank, N.A. v Mazzara*, 124 AD3d 875, 875 [2015]). The defendant's participation in settlement conferences and loan modification negotiations did not constitute a reasonable excuse for his default (*see HSBC Bank USA, N.A. v Lafazan*, 115 AD3d 647, 648 [2014]; *U.S. Bank N.A. v Slavinski*, 78 AD3d 1167, 1167 [2010]), nor did his claim that, despite the warning language contained in the summons, he was unaware of his obligation to serve an answer (*see Morgan Stanley Mtge. Loan Trust 2006-17XS v Waldman*, 131 AD3d 1140, 1141 [2015]; *HSBC Bank USA, N.A. v Lafazan*, 115 AD3d at 648; *Chase Home Fin., LLC v Minott*, 115 AD3d 634, 634-635 [2014]). Inasmuch as the defendant failed to demonstrate a reasonable excuse for the default, we need not consider whether he offered a potentially meritorious defense to the action (*see Matter of Crai v Crai*, 134 AD3d 705, 706 [2015]; *Deutsche Bank Natl. Trust Co. v Conway*, 99 AD3d 755, 755-756 [2012]). Accordingly, the cross motion should be denied on the merits. Mastro, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.