In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered August 27, 2013, as, upon granting those branches of its unopposed motion which were to vacate an order of reference of the same court entered July 24, 2007, and a judgment of foreclosure and sale of the same court entered August 6, 2008, and upon, in effect, denying, as academic, those branches of its motion which were for leave to serve a supplemental summons and amended complaint, to amend the caption, and to deem all defendants who had failed to appear or answer in default, sua sponte, directed the dismissal of the complaint and the cancellation of a notice of pendency filed against the subject property.
Ordered that on the Court’s own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint and the cancellation of a notice of pendency filed against the subject property is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
In this mortgage foreclosure action, the plaintiff procured an order of reference entered July 24, 2007, and a judgment of foreclosure and sale entered August 6, 2008, after its unopposed motions for such relief were granted. Subsequently, there were various delays in the sale of the subject premises, which were not attributable to the plaintiff. While the case was still pending, the Chief Administrative Judge of the Courts issued Administrative Orders AO/548/10 and AO/431/11 (hereinafter the Administrative Orders) requiring, inter alia, the filing of an affirmation confirming the factual accuracy and the ac *1113 curacy of notarizations of all filings in support of foreclosure. The plaintiff subsequently retained new counsel, who conducted a review of the case and determined that the plaintiff was unable to submit an affirmation in compliance with the Administrative Orders. Accordingly, the plaintiff moved to vacate the aforementioned order of reference and judgment of foreclosure and sale, and also sought leave to make certain amendments to the caption of the action, to serve a supplemental summons and amended complaint, and to deem all defendants who had failed to appear or answer in default. In the order appealed from, the Supreme Court, upon granting those branches of the motion which were to vacate the order of reference and the judgment of foreclosure and sale, and, in effect, denying, as academic, those branches of the motion which were for leave to serve a supplemental summons and amended complaint, to amend the caption, and to deem all defendants who had failed to appear or answer in default, sua sponte, directed the dismissal of the complaint and the cancellation of a notice of pendency filed against the subject property. The plaintiff seeks review of the sua sponte portions of the order.
“A court’s power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal” (U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048 [2011]; see HSBC Bank USA, N.A. v Alexander, 124 AD3d 838 [2015]; Bank of N.Y. v Castillo, 120 AD3d 598 [2014]; U.S. Bank, N.A. v Razon, 115 AD3d 739 [2014]). Here, the fact that the plaintiff’s counsel attempted to comply, in good faith, with the Administrative Orders, which did not exist at the time of the commencement of the action, or at the time of the plaintiff’s prior motions for an order of reference and a judgment of foreclosure and sale, does not qualify as such an extraordinary circumstance. Nothing in the Administrative Orders requires the dismissal of an action merely because the plaintiff’s counsel discovers that there was some irregularity or defect in a prior submission, nor is the plaintiff effectively required to commence an entirely new action (see Deutsche Bank Natl. Trust Co. v Meah, 120 AD3d 465, 466 [2014]; see generally U.S. Bank N.A. v Eaddy, 109 AD3d 908 [2013] ). Accordingly, the portions of the order sua sponte directing the dismissal of the complaint and the cancellation of the notice of pendency must be reversed, and the matter is remitted to the Supreme Court, Queens County, inter alia, for a determination on the merits of those branches of the plaintiff’s motion which were for leave to serve a supplemental summons and amended complaint, to amend the caption, and to deem all defendants who had failed to appear or answer in default.
Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.