■ DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for HSI ASSET SECURITIZATION CORPORATION TRUST 2006-HE2, Appellant-Respondent, v SAMDAI RAMHARRACK et al., Defendants, and MRS. KING, Also Known as JOANNE KING, Respondent-Appellant. [31 NYS3d 568]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated October 8, 2014, as, sua sponte, directed the dismissal of the complaint pursuant to Kings County Supreme Court Uniform Civil Term Rules, part F, rule 8, and denied, as academic, its motion to vacate an order of reference of the same court (Balter, J.) dated April 1, 2009, and for a new order of reference, and the defendant Mrs. King, also known as Joanne King, cross-appeals from so much of the order dated October 8, 2014, as denied, as academic, her cross motion pursuant to CPLR 3211 (a) (3) to dismiss the complaint for lack of standing or, in the alternative, for leave to serve a late answer.

Ordered that on the Court's own motion, the plaintiff's notice of appeal from so much of the order dated October 8, 2014, as, sua sponte, directed the dismissal of the complaint is deemed

to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated October 8, 2014, is reversed insofar as appealed from, on the law, and the plaintiff's motion to vacate the order of reference dated April 1, 2009, and for a new order of reference is granted; and it is further,

Ordered that the order dated October 8, 2014, is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action to foreclose a mortgage. Upon the defendants' default in answering the complaint, the Supreme Court issued an order of reference dated April 1, 2009. A series of settlement conferences took place over the course of the next year, but they ultimately proved unsuccessful. Thereafter, to comply with the newly implemented Administrative Orders AO/548/10 and AO/431/11 of the Chief Administrative Judge of the Courts, the plaintiff's new counsel investigated and verified the underlying business records and moved on or about April 12, 2013, to vacate the order of reference dated April 1, 2009, and for a new order of reference. The defendant Mrs. King, also known as Joanne King, cross-moved pursuant to CPLR 3211 (a) (3) to dismiss the complaint for lack of standing or, in the alternative, for leave to serve a late answer.

In the order appealed and cross-appealed from, the Supreme Court, sua sponte, directed the dismissal of the complaint pursuant to Kings County Supreme Court Uniform Civil Term Rules, part F, rule 8, on the ground that the plaintiff had failed to move for a judgment of foreclosure and sale within one year of the issuance of the order of reference dated April 1, 2009. The court further denied the plaintiff's motion and King's cross motion as academic in light of its sua sponte determination.

" 'A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal' " (*Deutsche Bank Natl. Trust Co. v Martin*, 134 AD3d 665, 665 [2015], quoting *U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]). No such extraordinary circumstances were present in this case (*see Chase Home Fin., LLC v Kornitzer*, 139 AD3d 784 [2016] [decided herewith]; *U.S. Bank N.A. v Ahmed*, 137 AD3d 1106, 1108 [2016]; *Deutsche Bank Natl. Trust Co. v Meah*, 120 AD3d 465, 466 [2014]). Accordingly, the Supreme Court erred in, sua sponte, directing the dismissal of the complaint.

The Supreme Court should have granted the plaintiff's mo-

tion to vacate the order of reference dated April 1, 2009, and for a new order of reference. The plaintiff demonstrated its entitlement to this relief by establishing that it was unable to confirm, inter alia, that a proper review of the records had been undertaken by its previous counsel when previous counsel made the motion for the initial order of reference, as required by Administrative Orders AO/548/10 and AO/431/11 of the Chief Administrative Judge of the Courts (*see U.S. Bank N.A. v Ahmed*, 137 AD3d at 1108; *Deutsche Bank Natl. Trust Co. v Meah*, 120 AD3d at 466; *U.S. Bank N.A. v Eaddy*, 109 AD3d 908, 909 [2013]).

The Supreme Court properly denied King's cross motion pursuant to CPLR 3211 (a) (3) to dismiss the complaint for lack of standing or, in the alternative, for leave to serve a late answer. The branch of the cross motion which was pursuant to CPLR 3211 (a) (3) was untimely, since it was made after the time to file an answer had expired (*see* CPLR 3211 [e]; *Archer v Motor Veh. Acc. Indem. Corp.*, 118 AD3d 5, 11 [2014]; *Lema v New York Cent. Mut. Fire Ins. Co.*, 112 AD3d 891, 892 [2013]). Further, King failed to demonstrate a reasonable excuse for her lengthy delay in seeking to answer the complaint (*see* CPLR 3012 [d]; *Citimortgage, Inc. v Kowalski*, 130 AD3d 558 [2015]; *Deutsche Bank Trust Co. Ams. v Marous*, 127 AD3d 1012 [2015]). Mastro, J.P., Chambers, Dickerson and Connolly, JJ., concur.