■ CHASE HOME FINANCE, LLC, Appellant, v DAVID KORNITZER et al., Defendants. [31 NYS3d 559]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated May 15, 2014, as, upon denying its unopposed motion, inter alia, to vacate a prior order of reference of the same court dated July 12, 2010, and for a new order of reference, sua sponte, directed the dismissal of the complaint pursuant to Kings County Supreme Court Uniform Civil Term Rules, part F, rule 8.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that part of the order which, sua sponte, directed the dismissal of the complaint is vacated.

The plaintiff commenced this mortgage foreclosure action in June 2008, and upon the defendants' default, obtained an order of reference dated July 12, 2010. In March 2013, the plaintiff moved, inter alia, to vacate the prior order of reference and for a new order of reference, in order to comply with Administrative Orders AO/548/10 and AO/431/11 of the Chief Administrative Judge of the Courts, which had been issued on October 20, 2010 and March 2, 2011, respectively. In the order appealed from, the Supreme Court denied the plaintiff's unopposed motion and, sua sponte, directed the dismissal of the complaint pursuant to Kings County Supreme Court Uniform Civil Term Rules, part F, rule 8 (hereinafter rule 8), which provides that an application for a judgment of foreclosure and sale must be made within one year after the entry of an order of reference. On appeal, the plaintiff contends that the court erred in directing the dismissal of the complaint pursuant to rule 8.

"A court's power to dismiss a complaint, sua sponte, is to be

used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*Onewest Bank, FSB v Fernandez*, 112 AD3d 681, 682 [2013] [internal quotation marks omitted]; *see HSBC Bank USA, N.A. v Alexander*, 124 AD3d 838, 839 [2015]; *Deutsche Bank Natl. Trust Co. v Meah*, 120 AD3d 465, 466 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 817 [2013]; *Aurora Loan Servs., LLC v Sobanke*, 101 AD3d 1065, 1066 [2012]). No such extraordinary circumstances were present in this case, and the sua sponte dismissal of the complaint pursuant to rule 8, without affording the plaintiff any notice and opportunity to be heard, was improper (*see U.S. Bank N.A. v Ahmed*, 137 AD3d 1106 [2016]; *cf. Bank of N.Y. v Shurko*, 50 Misc 3d 1208[A], 2015 NY Slip Op 51948[U] [Sup Ct, Kings County 2015]), and amounted to a denial of the plaintiff's due process rights. Accordingly, the Supreme Court erred when it, sua sponte, directed the dismissal of the complaint pursuant to rule 8. Eng, P.J., Mastro, Leventhal and Miller, JJ., concur.