■ LaSalle Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2007-1, Mortgage Loan Asset-Backed Certificates, Series 2007-1, Appellant, v Seelochanie Jagoo et al., Defendants. [46 NYS3d 216]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated April 27, 2015, which denied its unopposed motion to vacate an order of reference of the same court dated November 13, 2008, and for a new order of reference, and, sua sponte, directed the dismissal of the complaint.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion to vacate the order of reference dated November 13, 2008, and for a new order of reference is granted.

The Supreme Court should have granted the plaintiff's unopposed motion to vacate an order of reference dated November 13, 2008, and for a new order of reference. In support of its unopposed motion, the plaintiff demonstrated that the affidavit of merit submitted by prior counsel in support of the application for the initial order of reference could not be verified as correct (*see U.S. Bank N.A. v Ahmed*, 137 AD3d 1106, 1108 [2016]; *Deutsche Bank Natl. Trust Co. v Meah*, 120 AD3d 465, 466 [2014]). Additionally, the plaintiff submitted evidence that the defendants failed to answer the complaint, and also submitted the mortgage, the unpaid note, proof of the default of the defendant mortgagor, Seelochanie Jagoo, and demonstrated that, as a preliminary step in obtaining a judgment of foreclosure, the appointment of a referee to compute the amount owed in a new order of reference would be proper (*see U.S. Bank N.A. v Ahmed*, 137 AD3d at 1108; *HSBC Bank USA, N.A. v Alexander*, 124 AD3d 838, 839 [2015]; *Aurora Loan Servs., LLC v Shahmela Shah Sookoo*, 92 AD3d 705, 707 [2012]).

Furthermore, the Supreme Court erred in, sua sponte, directing the dismissal of the complaint. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]; *see U.S. Bank, N.A. v Razon*, 115 AD3d 739, 740 [2014]). Here, the court was not presented with any extraordinary circumstances warranting dismissal of the complaint (*see Aurora Loan Servs., LLC v Gross*, 139 AD3d 772, 774 [2016]; *U.S. Bank N.A. v Ahmed*, 137 AD3d at 1109; *Deutsche Bank Natl. Trust Co. v Meah*, 120 AD3d at 466). Chambers, J.P., Roman, Miller and Barros, JJ., concur.