JP Morgan Chase Bank, N.A. v Laszlo (2019 NY Slip Op 01205)





JP Morgan Chase Bank, N.A. v Laszlo


2019 NY Slip Op 01205


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX, JJ.


2017-05164
 (Index No. 14497/08)

[*1]JP Morgan Chase Bank, N.A., appellant, 
v
Zsolt Laszlo, et al., defendants.


Knuckles Komosinski & Manfro LLP, Elmsford, NY (Louis A. Levithan of counsel),
for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Valerie Brathwaite Nelson, J.), entered January 14, 2014. The order, insofar as appealed from, denied those branches of the plaintiff's unopposed motion which were to issue a new order of reference, to discontinue the action insofar as asserted against the defendants John and Jane Doe #1 through #7 and to amend the caption accordingly, and for leave to enter a default judgment against the remaining defendants, and, sua sponte, directed dismissal of the complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, those branches of the plaintiff's motion which were to issue a new order of reference, to discontinue the action insofar as asserted against the defendants John and Jane Doe #1 through #7 and to amend the caption accordingly, and for leave to enter a default judgment against the remaining defendants, are granted.
In this action to foreclose a mortgage on certain real property in Glendale, the
plaintiff, on motion, obtained an order of reference entered October 9, 2009. While the case was still pending, the Chief Administrative Judge issued Administrative Orders 548/10 and 431/11, requiring, inter alia, the filing of an affirmation confirming the factual accuracy and the accuracy of notarizations of all filings in support of foreclosure. Thereafter, upon determining that it was unable to verify the accuracy of the statements contained in the affidavit filed with the prior motion for an order of reference, the plaintiff moved to vacate the order of reference entered October 9, 2009, for a new order of reference, to discontinue the action insofar as asserted against the defendants John and Jane Doe #1 through #7 and to amend the caption accordingly, and for leave to enter a default judgment against the remaining defendants. In support of the motion, the plaintiff submitted, among other things, a new affidavit of merit and an attorney affirmation stating that counsel was unable to verify the accuracy of the affidavit submitted by prior counsel in support of the prior motion for an order of reference, including the proper notarization thereof. The new affidavit of merit was sufficient, and the plaintiff submitted proof of proper additional mailing of the summons required [*2]by CPLR 3215(g)(3). The motion was not opposed. By order entered January 14, 2014, the Supreme Court granted that branch of the plaintiff's motion which was to vacate the order of reference entered October 9, 2009, denied the remaining branches of the motion, and, sua sponte, directed dismissal of the complaint.
"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048; see LaSalle Bank N.A. v Jagoo, 147 AD3d 746, 747; HSBC Bank USA, N.A. v Alexander, 124 AD3d 838, 839; Deutsche Bank Natl. Trust Co. v Meah, 120 AD3d 465, 466). Here, the plaintiff's counsel attempted to comply, in good faith, with Administrative Orders 548/10 and 431/11 of the Chief Administrative Judge, which did not exist at the time of the commencement of the action, or at the time of the plaintiff's prior motion for an order of reference. Under such circumstances, dismissal was not warranted. Nothing in the Administrative Orders requires the dismissal of an action merely because the plaintiff's counsel discovers that there was some irregularity or defect in a prior submission, nor is the plaintiff effectively required to commence an entirely new action (see Deutsche Bank Natl. Trust Co. v Ramharrack, 139 AD3d 787, 788-789; Wachovia Bank, N.A. v Akojenu, 138 AD3d 1112, 1113; Deutsche Bank Natl. Trust Co. v Meah, 120 AD3d at 466; see generally U.S. Bank N.A. v Eaddy, 109 AD3d 908).
Furthermore, the Supreme Court, upon granting that branch of the plaintiff's motion which was to vacate the previous order of reference entered October 9, 2009, also should have granted those branches of the unopposed motion which were for a new order of reference, to discontinue the action insofar as asserted against the defendants John and Jane Doe #1 through #7 and to amend the caption accordingly, and for leave to enter a default judgment against the remaining defendants (see LaSalle Bank N.A. v Jagoo, 147 AD3d at 747; HSBC Bank USA, N.A. v Alexander, 124 AD3d at 839; Deutsche Bank Natl. Trust Co. v Meah, 120 AD3d at 466).
BALKIN, J.P., CHAMBERS, ROMAN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court