Chase Home Fin., LLC v Plaut (2019 NY Slip Op 02494)





Chase Home Fin., LLC v Plaut


2019 NY Slip Op 02494


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-06232 
2016-15848
 (Index No. 13779/06)

[*1]Chase Home Finance, LLC, etc., appellant,
v
Reeva Plaut, respondent, et al., defendants.


Rosicki, Rosicki & Associates, P.C., Plainview, NY (Robert H. King and Barbara Dunleavy of counsel), for appellant.
Avi Rosengarten, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Debra Silber, J.), dated February 26, 2015, and (2) an order of the same court dated January 21, 2016. The order dated February 26, 2015, denied the plaintiff's second motion to extend the time to serve a copy of the order of reference with notice of entry on the defendant Reeva Plaut, nunc pro tunc, to March 23, 2007, and, sua sponte, directed the dismissal of the complaint as abandoned. The order dated January 21, 2016, denied that branch of the plaintiff's motion which was to vacate the order dated February 26, 2015, and, in effect, denied as academic that branch of the plaintiff's motion which was to appoint a new referee.
ORDERED that the appeal from the order dated February 26, 2015, is dismissed as academic in light of our determination on the appeal from the order dated January 21, 2016; and it is further,
ORDERED that the order dated January 21, 2016, is reversed, on the law, on the facts, and in the exercise of discretion, that branch of the plaintiff's motion which was to vacate the order dated February 26, 2015, is granted, the plaintiff's second motion to extend the time to serve a copy of the order of reference with notice of entry on the defendant Reeva Plaut, nunc pro tunc, to March 23, 2007, is granted, and the matter is remitted to the Supreme Court, Kings County, for a determination, on the merits, of that branch of the plaintiff's motion which was to appoint a new referee; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On May 5, 2006, the plaintiff Chase Home Finance, LLC, commenced the instant action to foreclose a mortgage given by the defendant Reeva Plaut. In an order of reference entered February 5, 2007, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint, and appointed a referee to compute the amount due the plaintiff. The order of reference directed that a copy of the order with notice of entry be served on Plaut within 20 days of the date of entry. The plaintiff served a copy of the order of reference with notice of entry on Plaut [*2]on March 19, 2007.
By notice of motion dated May 23, 2008, the plaintiff moved, inter alia, to extend its time to serve a copy of the order of reference with notice of entry on Plaut, nunc pro tunc, to March 25, 2007, and for a judgment of foreclosure and sale (hereinafter the extension of time motion). In an order dated November 5, 2008 (hereinafter the November 2008 order), the Supreme Court referred the extension of time motion to a judicial hearing officer (hereinafter JHO). Approximately one year later, by notice of motion dated December 1, 2009, the plaintiff moved, in effect, among other things, to vacate the November 2008 order, and to restore its extension of time motion to the court's calendar (hereinafter the December 2009 motion). Thereafter, the plaintiff failed to appear on the return date of the December 2009 motion, and, in an order dated May 5, 2010, the Supreme Court referred the matter to a JHO for a hearing in June 2010. Although a status conference was held in February 2014, the record on appeal does not reflect that the plaintiff undertook any actions between June 2010 and February 2014 to obtain a determination of the extension of time motion or otherwise prosecute the matter.
Nonetheless, by notice of motion dated August 15, 2014, the plaintiff again moved, inter alia, to extend its time to serve a copy of the order of reference with notice of entry on Plaut, nunc pro tunc, to March 23, 2007 (hereinafter the second extension of time motion). In an order dated February 26, 2015 (hereinafter the February 2015 order), the Supreme Court denied the second extension of time motion, and, sua sponte, directed the dismissal of the complaint as abandoned, noting, inter alia, that "[t]he order of reference at issue was signed in 2007" and the appointed referee was no longer on the fiduciary list.
Thereafter, by notice of motion dated June 3, 2015, the plaintiff moved to vacate the February 2015 order and to appoint a new referee. In an order dated January 21, 2016 (hereinafter the January 2016 order), the Supreme Court denied the motion on the ground that this was the plaintiff's "4th attempt to get a new Order of Reference." The plaintiff appeals from the February 2015 order and the January 2016 order.
The Supreme Court's sua sponte determination to direct dismissal of the complaint deprived the plaintiff of notice and opportunity to be heard and amounted to a denial of the plaintiff's due process rights (see CPLR 3216; see also Deutsche Bank Natl Trust Co v Bastelli, 164 AD3d 748; Chase Home Fin., LLC v Kornitzer, 139 AD3d 784, 784-785). Accordingly, the court should have granted that branch of the plaintiff's motion which was to vacate the February 2015 order.
Under the circumstances of this case, the Supreme Court also improvidently exercised its discretion in denying the plaintiff's second extension of time motion (see generally CPLR 2004; Khan v Hernandez, 122 AD3d 802, 803).
Since the Supreme Court, in effect, denied as academic that branch of the plaintiff's motion which was to appoint a new referee, the matter must be remitted to the Supreme Court, Kings County, for a determination of that branch of the motion on the merits (see Alvarez v Dematas, 65 AD3d 598, 600).
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court