Deutsche Bank Natl. Trust Co. v Patrick (2019 NY Slip Op 04912)





Deutsche Bank Natl. Trust Co. v Patrick


2019 NY Slip Op 04912


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-00461
 (Index No. 30795/08)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Horace J. Patrick, appellant, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (Shane Wax, David Berg, and Abraham David of counsel), for appellant.
RAS Boriskin, LLC, Westbury, NY (Lance Colquitt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Horace J. Patrick appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 18, 2015. The order granted the plaintiff's motion to vacate an order of the same court dated September 19, 2013, which, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c).
ORDERED that the order dated September 18, 2015, is affirmed, with costs.
On November 10, 2008, the plaintiff lender commenced this action to foreclose a mortgage given by the defendant Horace J. Patrick on certain real property located in Brooklyn. Patrick never answered the complaint. In or about March 2009, the plaintiff moved for an order of reference, which was issued by the Supreme Court, Kings County (Kathy J. King, J.), on October 15, 2010. However, in an order dated September 19, 2013 (hereinafter the dismissal order), the Supreme Court, Kings County (Lawrence Knipel, J.), sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c), stating that "the plaintiff has failed to proceed to entry of judgment within one year of default."
The plaintiff thereafter moved to vacate the dismissal order, and Patrick—who, in the interim, had sold the subject property to a third party—opposed the motion. The Supreme Court granted the plaintiff's motion, and Patrick appeals.
Contrary to Patrick's contention, the Supreme Court providently exercised its discretion in granting the plaintiff's motion to vacate the dismissal order (see Bank of Am., N.A. v Lucido, 163 AD3d 614; Washington Mut. Bank, FA v Milford-Jean-Gille, 153 AD3d 754; Citimortgage, Inc. v Lottridge, 143 AD3d 1093; BAC Home Loans Servicing, LP v Maestri, 134 AD3d 1593; HSBC Bank USA, N.A. v Alexander, 124 AD3d 838).
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court