U.S. Bank N.A. v Herman (2019 NY Slip Op 05804)





U.S. Bank N.A. v Herman


2019 NY Slip Op 05804


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2017-02255
 (Index No. 9335/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Alexander Herman, et al., defendants, Benson Park Associates, LLC, appellant.


Tsyngauz & Associates, P.C., New York, NY (Roman Kopelevich and Yevgeny Tsyngauz of counsel), for appellant.
Parker, Ibrahim & Berg LLC, New York, NY (Scott W. Parker and Charles W. Miller of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Benson Park Associates, LLC, appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 19, 2016. The order denied that defendant's motion pursuant to CPLR 3211(a)(3) and (7) to dismiss the complaint insofar as asserted against it for lack of standing.
ORDERED that the order is affirmed, with costs.
In January 2002, the defendants Alexander Herman and Rita Herman executed a note in the sum of $420,000 (hereinafter the first loan) in favor of JPMorgan Chase Bank, N.A. (hereinafter JPMorgan). The note was secured by a mortgage on residential property located in Jericho. In February 2004, Rita executed a note in favor of JPMorgan in the amount of $136,441.14 (hereinafter the second loan). This note also was secured by a mortgage against the subject property. Rita then executed a consolidated note and a consolidation, extension, and modification agreement consolidating the first and second loans into a single consolidated loan in the amount of $548,000 in favor of JPMorgan.
In September 2014, the plaintiff commenced this mortgage foreclosure action against, among others, the Hermans. The defendant Benson Park Associates, LLC (hereinafter Benson), was named as a defendant due to its status as a junior lienor. In October 2016, Benson moved pursuant to CPLR 3211(a)(3) and (7) to dismiss the complaint insofar as asserted against it for lack of standing. The Supreme Court denied the motion. Benson appeals.
The branch of Benson's motion which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against it was untimely, as Benson had interposed an answer to the complaint prior to filing the subject motion (see CPLR 3211[e]; Hendrickson v Philbor Motors, Inc., 102 AD3d 251, 257; cf. Deutsche Bank Natl. Trust Co. v Ramharrack, 139 AD3d 787, 789).
Regarding the branch of Benson's motion which was pursuant to CPLR 3211(a)(7), "[o]n a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court [*2]must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Shah v Exxis, Inc., 138 AD3d 970, 971; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 87-88). Moreover, "[w]here evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
Here, the allegations in the complaint were sufficient to state a cause of action to foreclose a mortgage. "Standing is not an essential element" of a cause of action to foreclose a mortgage, but is instead an affirmative defense to be pleaded in an answer (US Bank N.A. v Nelson, 169 AD3d 110, 114). Thus, Benson's evidentiary submissions, which were directed at the plaintiff's alleged lack of standing, were insufficient to warrant relief pursuant to CPLR 3211(a)(7).
Accordingly, we agree with the Supreme Court's denial of Benson's motion.
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court