Hartford Funding, Ltd. v Harris (2021 NY Slip Op 02513)





Hartford Funding, Ltd. v Harris


2021 NY Slip Op 02513


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-06379
 (Index No. 561/12)

[*1]Hartford Funding, Ltd., respondent, 
v
Richard Harris, et al., defendants; PLV Services Plus Corp., nonparty-appellant.


The Rosenfeld Law Office, Lawrence, NY (Avi Rosenfeld of counsel), for nonparty-appellant.
Roach & Lin, P.C., Syosset, NY (Michael C. Manniello of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty PLV Services Plus Corp. appeals from a judgment of foreclosure and sale of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 20, 2018. The judgment of foreclosure and sale, upon an order of the same court dated January 10, 2018, granting the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and denying the cross motion of nonparty PLV Services Plus Corp., inter alia, to dismiss the action, among other things, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
In March 2010, the defendants Richard Harris, Vivian Harris, and Surrena M. Shoemo (hereinafter collectively the borrowers) executed a note in the sum of $537,200 in favor of Franklin First Financial, Ltd. The note was secured by a mortgage executed by the borrowers on property located in Brooklyn, which mortgage was subsequently assigned to the plaintiff, Hartford Funding, Ltd. (hereinafter Hartford).
In January 2012, Hartford commenced this action against the borrowers, among others, to foreclose the mortgage. The complaint alleged that the borrowers did not comply with the terms of the note and mortgage inasmuch as they failed to make a payment that was due on March 1, 2011, and subsequent payments.
Thereafter, Hartford moved to confirm a referee's report and for a judgment of foreclosure and sale. Nonparty PLV Services Plus Corp. (hereinafter PLV), an alleged subsequent purchaser of the property, opposed the motion and cross-moved, inter alia, to dismiss the action. In an order dated January 10, 2018, the Supreme Court granted Hartford's motion and denied PLV's cross motion. The court then issued a judgment of foreclosure and sale dated February 20, 2018. PLV appeals.
There is no merit to PLV's contention that the Supreme Court improperly confirmed the referee's report due to either the failure to timely serve the order of reference (cf. Chase Home Fin., LLC v Plaut, 171 AD3d 692, 694; Khan v Hernandez, 122 AD3d 802, 803), or the referee's [*2]failure to hold a hearing (see Bank of N.Y. Mellon v Viola, 181 AD3d 767, 769-770; see also Bank of N.Y. Mellon v George, 186 AD3d 661, 663).
The Supreme Court also did not improperly fail to, sua sponte, dismiss the action based upon Hartford's failure to comply with Kings County Supreme Court Uniform Civil Term Rules, part F, rule 8. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Onewest Bank, FSB v Fernandez, 112 AD3d 681, 682 [internal quotation marks omitted]; see Chase Home Fin., LLC v Kornitzer, 139 AD3d 784, 784-785). No such extraordinary circumstances were present in this case (see Deutsche Bank Natl. Trust Co. v Ramharrack, 139 AD3d 787, 788; Chase Home Fin., LLC v Kornitzer, 139 AD3d at 785).
Further, the Supreme Court did not improperly fail to dismiss the action based upon the plaintiff's alleged failure to provide proper notice to the borrowers in strict accordance with RPAPL 1304. As relevant here, the notice requirements of RPAPL 1304 were enacted for the benefit and protection of borrowers who are "natural person[s]" (RPAPL 1304[6][a][1][i]), and cannot be raised by a stranger to the note and underlying mortgage (see Citimortgage, Inc. v Etienne, 172 AD3d 808, 810).
The parties' remaining contentions either are without merit or need not be reached.
AUSTIN, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court