Deutsche Bank Natl. Trust Co. v Dicerbo (2022 NY Slip Op 02529)

Deutsche Bank Natl. Trust Co. v Dicerbo

2022 NY Slip Op 02529

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
DEBORAH A. DOWLING, JJ.

2019-09862
 (Index No. 13234/08)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
James J. Dicerbo, et al., respondents.

Greenberg Traurig, LLP, New York, NY (Leah N. Jacob of counsel), for appellant.
D'Agostino Law Office, P.C., Pleasantville, NY (Daniel D. Angiolillo and Charles A. D'Agostino of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Kathie E. Davidson, J.), entered June 6, 2019. The order denied the plaintiff's motion to vacate an order of the same court entered May 24, 2018, inter alia, sua sponte, directing dismissal of the complaint, and to restore the action to the active calendar.
ORDERED that the order entered June 6, 2019, is reversed, on the law, without costs or disbursements, and the plaintiff's motion to vacate the order entered May 24, 2018, and to restore the action to the active calendar is granted.
The plaintiff commenced this action against the defendants to foreclose a mortgage on certain real property located in New Rochelle. In an order entered September 23, 2011, the Supreme Court directed dismissal of the complaint without prejudice on the ground that the plaintiff had failed to file an attorney affirmation with a proposed judgment of foreclosure, as required by Administrative Order 548/10 of the Chief Administrative Judge of the Courts. More than six years later, on November 3, 2017, Leopold & Associates, PLLC (hereinafter Leopold), served a notice of appearance on behalf of the plaintiff. The plaintiff then moved, inter alia, to vacate the order entered September 23, 2011, and to restore the action to the active calendar. This motion was submitted by Leopold on the plaintiff's behalf. In an order entered March 2, 2018, the court granted the motion. A referee report and order dated March 22, 2018, among other things, directed the plaintiff to provide a "proper" consent to change attorney form on or before April 2, 2018, and a trial scheduling order also dated March 22, 2018, advised the parties that failure to appear for trial on May 21, 2018, might result in, inter alia, dismissal of the complaint. The trial scheduling order was signed by Leopold, as the plaintiff's counsel.
On May 21, 2018, Leopold appeared before the Supreme Court, purportedly on behalf of the plaintiff. The court advised the plaintiff that it had no record of a consent to change attorney form being filed which would authorize Leopold to appear on the plaintiff's behalf. In an order entered May 24, 2018, the court, among other things, sua sponte, directed dismissal of the complaint on the ground that the plaintiff had failed to timely file a proper consent to change attorney form.
By notice of motion dated February 12, 2019, the plaintiff moved to vacate the order [*2]entered May 24, 2018, and to restore the action to the active calendar. In support of its motion, the plaintiff submitted, inter alia, a consent to change attorney form stamped as "received" by the Westchester County Clerk on May 15, 2018. In an order entered June 6, 2019, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Onewest Bank, FSB v Fernandez, 112 AD3d 681, 682 [internal quotation marks omitted]; see Hartford Funding, Ltd. v Harris, 193 AD3d 1035). Here, at the court appearance on May 21, 2018, the attorney who appeared on behalf of the plaintiff represented to the Supreme Court, with a representative of the plaintiff present, that a consent to change attorney form had been filed. Under such circumstances, dismissal of the complaint was not warranted.
Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate the order entered May 24, 2018, and to restore the action to the active calendar.
DILLON, J.P., DUFFY, CHRISTOPHER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court