Wachovia Bank, N.A. v Cyril (2022 NY Slip Op 04662)

Wachovia Bank, N.A. v Cyril

2022 NY Slip Op 04662

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2019-04912
 (Index No. 18344/08)

[*1]Wachovia Bank, National Association, etc., appellant, 
v
Parmanand Cyril, defendant, Vinwattie Cyril, et al., respondents.

Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for appellant.
Rajesh Barua, PLLC, New York, NY, for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Ernest F. Hart, J.), dated March 15, 2019. The order denied the plaintiff's motion, inter alia, to substitute nunc pro tunc a replacement affidavit of merit and affidavit of amount due and to amend the caption, sua sponte, directed dismissal of the complaint, and denied, as academic, the cross motion of the defendant Judy Cyril, incorrectly sued herein as Vinwattie Cyril and Julie Cyril, pursuant to CPLR 5015(a) to vacate a judgment of foreclosure and sale entered January 27, 2009, and thereupon pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, or, in the alternative, to stay all proceedings in the action pending the substitution of a representative for the estate of the defendant Parmanand Cyril.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the appeal from so much of the order as denied, as academic, the cross motion of the defendant Judy Cyril, incorrectly sued herein as Vinwattie Cyril and Julie Cyril, pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale entered January 27, 2009, and thereupon pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, or, in the alternative, to stay all proceedings in the action pending the substitution of a representative for the estate of the defendant Parmanand Cyril is dismissed, without costs or disbursements, as the plaintiff is not aggrieved thereby; and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof, sua sponte, directing dismissal of the complaint; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements, so much of the order as denied, as academic, the cross motion of the defendant Judy Cyril, incorrectly sued herein as Vinwattie Cyril and Julie Cyril, pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale entered January 27, 2009, and thereupon pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, or, in the alternative, to stay all proceedings in the action pending the substitution of a representative for the estate of the defendant Parmanand Cyril is vacated, and the matter is remitted to the Supreme [*2]Court, Queens County, for a determination on the merits of the cross motion of the defendant Judy Cyril, incorrectly sued herein as Vinwattie Cyril and Julie Cyril.
In 2008, the plaintiff commenced this action to foreclose a mortgage on a parcel of real property in Queens. The complaint named as defendants Parmanand Cyril, Vinwattie Cyril, and Julie Cyril. The complaint alleged that Parmanand Cyril and Vinwattie Cyril executed the mortgage, and that Parmanand Cyril and Julie Cyril executed the underlying note. None of the defendants answered, and in or about September 2008 the plaintiff moved for an order of reference. In support of the motion the plaintiff submitted, inter alia, an affidavit of merit and an affidavit of amount due. In an order dated October 2, 2008, the Supreme Court granted the plaintiff's unopposed motion, and in an order dated January 14, 2009, the court granted the plaintiff' subsequent unopposed motion for a judgment of foreclosure and sale. On January 27, 2009, the court entered a judgment of foreclosure and sale. In 2015, the defendant Parmanand Cyril died.
In 2017, in order to comply with Administrative Order AO/431/11 of the Chief Administrative Judge of the Courts (hereinafter the Administrative Order), the plaintiff moved, inter alia, to substitute nunc pro tunc a replacement affidavit of merit and affidavit of amount due, and to amend the caption to remove Parmanand Cyril and Julie Cyril as defendants, and to substitute "Vinwattie Cyril, also known as Julie Cyril," as a defendant in place of the defendant Vinwattie Cyril. Judy Cyril cross-moved pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale, and thereupon pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, or, in the alternative, to stay all proceedings in the action pending the substitution of a representative for the estate of the defendant Parmanand Cyril. In an affidavit in support of the cross motion, Judy Cyril stated that she had been incorrectly named in the action as Vinwattie Cyril, and that she did not know of anyone named Julie Cyril. In an order dated March 15, 2019, the Supreme Court denied the plaintiff's motion, sua sponte, directed dismissal of the complaint, and denied the cross motion as academic. The plaintiff appeals.
The substitution of new affidavits in order to comply with the Administrative Order may be permitted where the substitution would not affect a "substantial right of the defendant" (LaSalle Bank N.A. v Lopez, 168 AD3d 697, 700; see Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d 79, 93). Here, however, the substitute affidavit of merit and affidavit of amount due affected a substantial right of the parties, namely, the identity of the mortgagors. Consequently, the Supreme Court properly denied the plaintiff's motion, inter alia, to substitute nunc pro tunc a replacement affidavit of merit and affidavit of amount due and to amend the caption (see GMAC Mtge., LLC v Bisceglie, 109 AD3d 874, 876-877; see also Wilmington Trust, NA v Shasho, 197 AD3d 534, 536-537).
However, the Supreme Court erred in, sua sponte, directing dismissal of the complaint. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048; see JP Morgan Chase Bank, N.A. v Laszlo, 169 AD3d 885, 887; LaSalle Bank N.A. v Jagoo, 147 AD3d 746, 747). Here, particularly as the cross motion was pending at the time of the order, there were no extraordinary circumstances warranting the sua sponte dismissal of the complaint (see LaSalle Bank N.A. v Jagoo, 147 AD3d at 747; see also U.S. Bank N.A. v Ahmed, 137 AD3d 1106, 1108).
In light of our vacatur of so much of the order as, sua sponte, directed dismissal of the complaint, the cross motion is no longer academic. Accordingly, we must remit the matter to the Supreme Court, Queens County, for a determination of the cross motion on the merits.
In light of our determination, we do not reach the parties' remaining contentions.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court